UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**MARK JAMES SAVOY**  **CIVIL ACTION NO. 6:12-cv-3056**
    **LA. DOC # 580262**
**VS.**  **SECTION P**

    **JUDGE REBECCA F. DOHERTY**

**WARDEN BILLY TIGNER**  **MAGISTRATE JUDGE PATRICK J. HANNA**

REPORT AND RECOMMENDATION

*Pro se* petitioner Mark James Savoy, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2254 on December 10, 2012. Petitioner attacks 2011 convictions for second degree kidnaping and aggravated flight from an officer and the concurrent hard labor sentences imposed by the Twenty-Seventh Judicial District Court, St. Landry Parish.

*Background*

On February 1, 2011 petitioner was found guilty of second degree kidnaping and aggravated flight from an officer. On June 16, 2011 he was sentenced to concurrent sentences 12 and 2 years respectively. His convictions and sentences were affirmed by the Third Circuit Court of Appeals on April 4, 2012. *State of Louisiana v. Mark James Savoy*, 2011-1041 (La. App. 3 Cir. 4/4/2012).[1]  His application for writs was denied by the Louisiana Supreme Court on

---

[1] Appellate counsel was appointed for petitioner. Counsel argued a single assignment of error – the trial court erred when it allowed the admission of the victim's two out-of-court statements because they were inadmissible hearsay; and that he was deprived of his Sixth Amendment right to confront and cross-examine his accuser. Petitioner argued three pro se assignments of error – (1) sufficiency of the evidence; (2) the trial court erred when it denied his motion to quash the bill of information based on the time limitations set forth in La.Code Crim.P. art. 578(A)(2); and, (3) ineffective assistance of counsel.

October 26, 2012. *State of Louisiana v. Mark James Savoy*, 2012-0915 (La. 10/26/2012), 99 So.3d 639.  He filed a petition for reconsideration on November 8, 2012; reconsideration was denied on December 14, 2012. *State v. Savoy*, 104 So.3d 429.

On October 29, 2012 petitioner filed a pro se application for post-conviction relief in the Twenty-Seventh Judicial District Court.  Therein he argued two claims for relief: (1) violation of his Constitutional right to a speedy trial; and (2) ineffective assistance of counsel. [Doc. 1-2, pp. 8- 13] On December 5, 2012 his application was denied and petitioner filed a Notice of Appeal. On March 6, 2013 the Third Circuit Court of Appeals, citing La. Code Crim.P. art. 930.6 and noting that the judgment denying post-conviction relief is not an appealable judgment, dismissed the appeal and instructed petitioner to seek supervisory writs within 30 days. *State of Louisiana v. Mark James Savoy*, 2013-0078 (La. App. 3 Cir. 3/16/2013).

Meanwhile, as previously noted, petitioner filed the instant petition[2] and motion to proceed *in forma pauperis* on December 10, 2012. [Docs. 1 and 2] On January 24, 2013 he filed a Motion for Writ of Mandamus seeking an order of the Court directing the Magistrate Judge to grant him in forma pauperis status and to order the State of Louisiana to respond to his habeas corpus petition. [Doc. 4] On March 11, 2013 petitioner filed a completed application to proceed in forma pauperis [Doc. 6] and on March 28, 2013 the undersigned denied his motion for mandamus relief and his motion to proceed *in forma pauperis* and directed petitioner to submit the $5.00 filing fee. [Doc. 7] Petitioner has not responded.

---

[2] Petitioner argues eight claims for relief – (1) violation of the confrontation clause; (2) perjured testimony; (3) inadmissible hearsay; (4) violation of the right to a speedy trial; (5) state withheld evidence; (6) ineffective assistance of counsel; (7) sufficiency of the evidence; and (8) erroneous admission of evidence violated due process. [Doc. 1-1, p. 3]

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims on motion of the defendant "If the plaintiff fails to prosecute or to comply with these rules or a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).[3] Petitioner has been deemed ineligible to proceed *in forma pauperis*, and, has not responded to March 28, 2013 order to pay the $5.00 filing fee. Therefore,

**IT IS RECOMMENDED** that petitioner's petition for writ of *habeas corpus* be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

---

[3] Title 28 U.S.C. §2254(b)(1)(A) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State ..." Generally, this requires a habeas petitioner to "fairly present" his claims for relief to the highest state court in a procedurally correct manner before presenting those claims to a federal court. It is unclear, but it does not appear that petitioner has presented ALL of his federal habeas claims to the Louisiana courts in a procedurally correct manner. Further, it is unclear whether petitioner has sought review of his application for post-conviction relief in the appropriate Court of Appeals and thereafter in the Louisiana Supreme Court. Should he pay the filing fee in response to this order, petitioner should be prepared to address whether or not he exhausted all available State court remedies with respect to EACH claim for relief raised herein.

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Lafayette, Louisiana, May 14, 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE